### PEOPLE v. A. BOOTH & CO.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

1. FISH LAW—VIOLATION—IMPORTATION FROM FOREIGN COUNTRY.

Under the direct provisions of Laws 1902, p. 487, c. 194, the law prohibiting the possession of fish during the closed season is extended to fish coming from without the state, and hence applies to fish imported from a foreign country.

2. SAME—CONSTITUTIONALITY.

Laws 1902, p. 487, c. 194, extending the law prohibiting the possession of fish during the closed season to include fish coming from without the state, is constitutional.

Appeal from Trial Term, Schenectady County.

Action by the people against A. Booth & Co. to recover penalties for violation of the fish law. From a judgment for defendant (86 N. Y. Supp. 272, 42 Misc. Rep. 321), the people appeal. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

John D. Miller (Elon R. Brown, of counsel), for the People.
Crangle & Burke (Roland Crangle, of counsel), for respondent.

CHASE, J. The defendant is a foreign corporation engaged in buying and selling fish, and it has places of business in Canada and in the United States, including a place of business at Cape Vincent, N. Y. In the months of July and August, 1902, the defendant imported from Kingston, Canada, to Cape Vincent, N. Y., certain

brook trout, with other fish. The brook trout so imported were kept by the defendant in cold storage at Cape Vincent until the 23d day of February, 1903, when said defendant sold and shipped by express to a fish dealer at Schenectady, N. Y., 22 of said brook trout. This action was commenced against the defendant by order of the chief game protector of the state of New York to recover the penalties prescribed for possessing, selling, and transporting brook trout in this state during the close season.

There is no question of fact before us. Prior to the addition of section 141 of the forest, fish, and game law by chapter 194, p. 487, Laws 1902, there was no express provision of statute prohibiting the possession of fish and game brought from without the state. In the case of People of the State of New York v. Buffalo Fish Co., 164 N. Y. 93, 58 N. E. 34, 52 L. R. A. 803, 79 Am. St. Rep. 622, it was held that prior to chapter 194, p. 487, Laws 1902, it was not the intention of the Legislature to prohibit the possession of such fish as are taken from the waters of another state or country and imported from said state or country into this state. By chapter 194, p. 487, Laws 1902, section 141 was added to the forest, fish, and game law, and it provides as follows:

"Wherever in this act the possession of fish or game, or the flesh of any animal, bird or fish is prohibited, reference is had equally to such fish, game or flesh coming from without the state, as to that taken within the state. * * *"

The defendant sold, transported, and had in its possession brook trout during a close season subsequent to the passage of said chapter 194, p. 487, Laws 1902, and the plaintiff's complaint should not have been dismissed, unless said act of 1902 is unconstitutional and void. The Court of Appeals, in the case of People of the State of New York v. Bootman, 180 N. Y. 1, 72 N. E. 505, although affirming a judgment dismissing the complaint in that action, notwithstanding the act of Congress known as the "Lacey Act" (Act May 25, 1900, c. 553, 31 Stat. 187 [U. S. Comp. St. 1901, p. 3181]), because the alleged violations of the statute occurred prior to the enactment of chapter 194, p. 487, Laws 1902, have unanimously concurred in an opinion discussing the question of the constitutionality of said act of 1902, and it has so far affirmed its constitutionality that we are constrained to reverse this judgment on the authority of that opinion without further discussion.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.